UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**JOHN DZIEWA,**
17100 W. National Ave.
New Berlin, WI 53151

        Plaintiff,

Case No.  2026-CV-89

vs.

**RELIASTAR LIFE INSURANCE COMPANY,**
Registered Agent:
Corporation Service Company
33 E. Main St., Ste. 610
Madison, WI 53703

        Defendant.

## COMPLAINT

Now comes Plaintiff, John Dziewa, by and through his attorneys, Hawks Quindel, S.C., and for his Complaint against Defendant, hereby states as follows:

### JURISDICTION & VENUE

1. Plaintiff, a participant in an employee welfare benefit plan, brings this action pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, as amended (ERISA) to recover benefits due to him pursuant to the terms of the plan and to enforce and clarify Plaintiff's rights thereunder.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132, as the claims herein arise under ERISA.

3. Venue is proper in the Eastern District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District and, because, in substantial part, the breaches asserted herein took place in this District.

## PARTIES

4. Plaintiff is an adult resident of New Berlin, Wisconsin, and at all times relevant to this complaint, was a participant in, and beneficiary of, an employer-sponsored group Accident Insurance benefit plan.

5. Defendant, ReliaStar Life Insurance Company, on information and belief is a corporation organized under the laws of Minnesota, licensed to sell insurance in the state of Wisconsin. Upon information and belief, Defendant issued a group Accident Insurance policy, identified as Policy No. 68998-0, to Fiserv Solutions, LLC (the Plan).

6. The Plan is an employee welfare benefit plan subject to ERISA and has been in effect since at least January 1, 2020, and continues to the present time.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff was 17 years old when a diving accident rendered him a quadriplegic.

9. Despite his disability, Plaintiff pursued higher education and was ultimately hired by Fiserv Solutions, LLC (Fiserv) on or about January 11, 1988.

10. By virtue of this employment with Fiserv, Plaintiff was an eligible participant in the Plan.

11. On or about June 1, 2024, Plaintiff suffered an accidental injury while transferring himself between his bed and his wheelchair, resulting in a wound on his buttocks.

12. Following this accident, Plaintiff's wound worsened and developed into a pressure sore and later a bone infection.

13. Between June 1, 2024 and the filing of this complaint, Plaintiff incurred significant medical expenses as a result of his accident, many of which are covered Accident Benefits, as that term is defined in the Plan.

14. As a result of Plaintiff's accident and resulting medical expenses, Plaintiff applied for Accident Insurance benefits under the Plan.

15. Defendant was responsible for determining whether Plaintiff was eligible for Accident Insurance benefits.

16. Defendant was responsible for paying Plaintiff's Accident Insurance benefits.

17. By letter dated April 25, 2025, Defendant denied Plaintiff's Accident Insurance benefits claim in its entirety on the basis that his claim was barred by the Plan's "Sickness" exclusion due to the fact that his medical expenses involved an infection caused by his accident.

18. On or about May 12, 2025, Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

19. By letter dated August 8, 2025, Defendant upheld its denial of Plaintiff's benefits claim, reiterating its reasoning that "Infection falls under the definition of Sickness which is excluded under the Certificate."

20. Plaintiff submitted complete medical documentation in support of his eligibility for benefits as part of the appeal.

21. Plaintiff submitted all information requested by the Defendant.

22. Defendant failed to consider the issues raised in Plaintiff's appeal.

23. Defendant ignored clear medical evidence of Plaintiff's eligibility for benefits.

24. Defendant did not perform a "full and fair review" of Plaintiff's claim.

25. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

26. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

27. Defendant failed to engage in a meaningful dialogue with Plaintiff.

28. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

29. Defendant conducted a selective review of Plaintiff's medical records and other evidence.

30. At all times material to this case, the Plan has remained in full force and effect.

31. Defendant's denial of Plaintiff's claim for Accident Insurance benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

32. The preceding paragraphs are reincorporated by reference as though set forth here in full.

33. Plaintiff suffered a Covered Accident, as that term is defined by the Plan.

34. Defendant wrongfully, arbitrarily, and capriciously denied Accident Insurance benefits due to Plaintiff.

35. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

37. As both the payer of claims and the adjudicator of Accident Insurance claim eligibility, Defendant has an inherent conflict of interest.

38. Defendant's denial of Plaintiff's Accident Insurance benefits was "downright unreasonable."

39. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for Accident Insurance benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, John Dziewa, demands judgment from the Defendant for the following:

A. Payment of all retroactive Accident Insurance benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all Accident Insurance benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: this 20 day of January, 2026.

> By: *s/Jessa L. Victor*
> Jessa L. Victor
> WI State Bar No. 1099144
> Forrest C. Stewart
> WI State Bar No 1124604
> *Attorneys for Plaintiff*
> Hawks Quindel, S.C.
> 409 East Main Street
> P.O. Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: 608/257-0040
> Email: jvictor@hq-law.com; fstewart@hq-law.com